UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Stearns County,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Richard B. Hoeschen,

Defendant. Civ. No. 06-3348 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendant's Notice of Removal of his criminal prosecution from Minnesota State Court, Docket No. 1, at ¶1. Since process has yet to be served, no appearance has been made by, or on behalf of, the Plaintiff. For reasons which follow, we recommend[1] that the matter be summarily remanded to the

---

[1]Given the unsettled state of the law on the question, we express our ruling as a recommendation in deference to the District Court. Compare, Banbury v. Omnitrition Intern., Inc., 818 F. Supp. 276, 279 (D. Minn. 1993)(finding Motion to Remand to be non-dispositive), and Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp.2d 943, 945 (D. Minn. 1999)(same), with Abfalter v. Scott Companies, Inc., 2001 WL 1517035 at *1 (continued...)

Minnesota District Court for the Seventh Judicial District, in Stearns County, Minnesota.

## II. Factual and Procedural Background

On August 16, 2006, the Defendant filed a Notice of Removal, in an attempt to remove a criminal proceeding, that had been commenced against him by the State of Minnesota, in the State District Court for Stearns County. Based upon the exhibits that were presented, along with the Notice of Removal, it appears that the Defendant has been charged with one Count of careless driving, in violation of Minnesota Statutes Section 169.13, Subdivision 2; one Count of driving without insurance, in violation of Minnesota Statutes Section 169.797; one Count of driving without a valid license, in violation of Minnesota Statutes Section 171.02, Subdivision 1; one Count of driving after cancellation of license, in violation of Minnesota Statutes Section

---

[1](...continued)
(D. Minn., November 27, 2001)("Because a grant of a motion to remand is dispositive of the case in federal court, this R&R will be reviewed under the de novo standard."), and Haag v. Hartford Life and Accident Ins. Co., 188 F. Supp.2d 1135, 1136 (D. Minn. 2002)(same). The only Courts of Appeals to have reviewed the question have concluded that Motions to Remand are dispositive. See, Vogel v. U.S. Office Products Co., 258 F.3d 509, 517 (6th Cir. 2001); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995-996 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 992 (3rd Cir. 2000). Accordingly, in an abundance of caution, we issue our ruling as a recommendation to the District Court.

171.24, Subdivision 5; one Count of use of an unregistered motor vehicle, in violation of Minnesota Statutes Section 168.36, Subdivision 2, and one Count of intent to escape payment of tax, in violation of Minnesota Statutes Section 168.35. He was apparently taken into custody pursuant to an outstanding Arrest Warrant. See, Letter from Melrose Police Department, Docket No. 4. The charges appear to be predicated on the Defendant's alleged careless, and uninsured operation of an unlicensed motor vehicle, which occurred after his driver's license had been cancelled. Id.

As best as can be gleaned from the Defendant's Notice of Removal, and its accompanying Exhibits, it appears that the crux of the Defendant's requested removal is his assertion that the pending criminal prosecution, and the underlying Minnesota statutes that he is accused of violating, impinge upon his constitutional right to travel. See, e.g., Notice of Removal, ¶¶3, 5-9.

## III. Discussion

In the context of a Notice of Removal, it is incumbent on the removing party to establish a basis for Federal Court Jurisdiction. Where, as here, a criminal prosecution is removed from a State Court, the Federal District Court, to which the action was removed, has an obligation to promptly examine a Notice of Removal, sua sponte, in order to determine whether the removal was proper. Title 28 U.S.C.

§1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id.[2]

In order to remove a State criminal prosecution, "it must be on the basis of one of three federal statutes, 28 U.S.C. §1442, 28 U.S.C. §1442a, or 28 U.S.C. §1443." Iowa v. Johnson, 976 F. Supp. 812, 816 (N.D. Iowa 1997). Upon our review of the

---

[2]Title 28 U.S.C. §1446(c)(1) requires that "[a] notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." In a letter dated December 6, 2005, which is attached to the Defendant's filing, the Defendant was scheduled to appear at the Stearns County Court in St. Cloud, Minnesota, on January 9, 2006. See, Docket No. 1, at p. 4. Our review of the attachments to the Defendant's Notice does not reflect the taking of any plea, or any other proceedings, on that, or on any other date. Accordingly, we are uncertain whether an Arraignment has occurred, or if the matter was noticed for Trial in the State Court. As a consequence, on this Record, we are unable to determine whether the Defendant's Notice of Removal, which was filed on August 16, 2006, was timely.

Moreover, the requirements of Section 1446(c)(1) are not absolute, for a Court may grant a petitioner leave to untimely file a Notice if he or she is able to establish "good cause." See, Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir. 1993), cert. denied, 510 U.S. 871 (1993); see also, State of Minnesota v. Yeazizw, 2002 WL 31474481 at *2 (D. Minn., November 4, 3003). Here, the Defendant has not addressed the timeliness, or lack thereof, of the Notice of Removal. Since we find that the Defendant's Notice of Removal is without substantive merit, we do not further address the threshold issue of whether the Notice of Removal was timely.

Defendant's Notice of Removal, as well as to the materials attached to that Notice, it is clear that none of the statutory provisions, which might allow for the removal of the Defendant's State criminal case, apply to the Defendant.

For removal to occur, "Section 1442(a) requires that a defendant: (1) act under the direction of a federal officer; (2) show a nexus or 'causal connection' between the alleged conduct and the official authority; (3) have a colorable federal defense; and (4) be a 'person' within the meaning of the statute." Watson v. Philip Morris Companies, Inc., 420 F.3d 852, 855 (8th Cir. 2005), citing Jefferson County v. Acker, 527 U.S. 423, 431 (1999). "To qualify for removal, a defendant must, among other things, raise 'a colorable defense arising out of [the defendant's] duty to enforce federal law." United States v. Todd, 245 F.3d 691, 693 (8th Cir. 2001), quoting Mesa v. California, 489 U.S. 121, 133 (1989), quoting in turn, Willingham v. Morgan, 395 U.S. 402, 407 (1969). "The purpose of 28 U.S.C. §1442(a)(1) is to protect federal officials from civil or criminal liability for the performance of their official duties.

Notably, the Defendant makes no allegation that he is a Federal officer; is a property holder whose title is derived from any Federal officer, where the prosecution would affect the validity of any United States law; is an officer of a United States Court; or is a member of Congress, as to whom Title 28 U.S.C.§1442 might apply.

He identifies no Federal authority that he was attempting to exercise, or any official duties which resulted in the State charges against him. Similarly, the Defendant does not allege that he is a member of the United States armed forces, as would be required in order to fall within the provisions of Title 28 U.S.C.§1442a.

Rather, the Defendant's pleading specifies that his attempted removal is predicated upon Title 28 U.S.C. §1443, see, Notice of Removal, at ¶1, which provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has interpreted Section 1443(1) to apply only if the right alleged arises under a Federal law providing for civil rights "stated in terms of racial

equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966); see also, Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 621 (1979). As such, Section 1443(1) "applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights * * *." United States ex rel. Sullivan v. Missouri, 588 F.2d 579, 580 (8th Cir. 1978); see also, Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997); Doe v. Berry, 967 F.3d 1255, 1257 (8th Cir. 1992), cert. denied, 507 U.S. 911 (1993); State of Nebraska v. Forbes, 588 F.2d 631, 532 (8th Cir. 1978). The mere contention, "[t]hat a removal petitioner will be denied due process of law because the criminal law under which he is prosecuted is * * * vague or that the prosecution is * * * a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of §1443(1)." Johnson v. Mississippi, 421 U.S. 213, 219 (1975), Neal v. Wilson, supra at 355.

In addition to establishing the applicability of a Federal law enforcing rights of racial equality, the removal petitioner must also demonstrate that he "is 'denied or cannot enforce' the specific federal rights 'in the courts of [the] State." Johnson v. Mississippi, supra at 220, quoting Georgia v. Rachel, supra at 792. In determining whether a Defendant has made such a showing, both the Supreme Court, and our Court of Appeals, have instructed as follows:

> It is **not** enough to support removal under [Section] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under [Section] 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Doe v. Berry, supra at 157-58 (8th Cir. 1992), quoting Greenwood v. Peacock, 384 U.S. 808, 827-28 (1966); see, State of Minnesota v. Yeazizw, 2002 WL 31474481 at *3 (D. Minn., November 4, 2002).

Here, despite numerous allegations of wrongdoing, the Defendant has not alleged that the requested removal is necessary to vindicate any Federal right guaranteeing racial equality. Instead, the Defendant asserts violations of the constitutional "right to travel," and he specifically argues that the State criminal prosecution, and the "traffic law scheme of the State of Minnesota abrogates such right." Notice of Removal, at p. 2, at ¶¶3, 7.

Although the Defendant has asserted that the Minnesota State Courts have "previously refused to uphold and enforce the * * * constitutionally and federally protected right [of the Defendant] to travel unencumbered," and that "[the Minnesota District Court] will again incarcerate him for asserting such right," see, Id. at ¶6, he fails to cogently demonstrate that this is one of those rare instances where the Defendant's rights will automatically be violated by a State Court Trial on the pending criminal charges. As our Court of Appeals explained, in Neal v. Wilson, supra at 355:

> "Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." [Georgia v.] Rachel, 384 U.S. at 800, 86 S.Ct. At 1796. Further, in "the unusual case * * * 'an equivalent basis could be shown for an equally firm prediction that the defendant would be "denied or cannot enforce" the specified federal rights in the state courts.'" Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975)(quoting Rachel, 384 U.S. at 804, 86 S.Ct. at 1796).

As was the case in Neal:

> [The Defendant] has not met these stringent requirements. He has not shown that there is a state law preventing him from raising his federal claims in state court, nor has he shown the basis for an "equally firm prediction" that he will be unable to protect his federal rights in state court.

Id. at 355.

Accordingly, while the Defendant's failure to establish the applicability of a Federal right guaranteeing racial equality precludes the application of Section 1443(1), the impropriety of removal under that Section is independently established by the Defendant's failure to establish any inability, on his part, to vindicate his Federal rights in the State Courts of Minnesota. If, as the Defendant suspects, the Minnesota State Courts fail to enforce the Defendant's Federal rights, his "proper course of action is to seek direct review in the United States Supreme Court." Id., citing Doe v. Berry, supra at 1258 ("The issues involved * * * can be decided in the state courts, which have equal responsibility for ruling on federal constitutional issues," and "Berry may then seek review of any adverse rulings in the United States Supreme Court.").

The "color of authority" clause of Section 1443(2) -- that is, the civil rights removal Statute -- is equally unavailable to the Defendant. As our Court of Appeals recently explained:

> Section 1442(2) permits removal of suits initiated in state court against a party "[f]or any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law." In City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the Supreme Court rejected the argument that, for removal purposes, federal civil rights statutes deputize anyone seeking to exercise a right thereunder. Id. at 810-13, 86 S.Ct. 1800. Rather upon lengthy analysis of the origins and intent of the statute, the Court held section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Id. at 824, 86 S.Ct. 1800.

Bauer v. Transitional School Dist. of the City of St. Louis, 255 F.3d 478, 481 (8th Cir. 2001).

Otherwise stated, this prong of the removal provision is reserved for Federal officers, and persons acting under their direction, who violate, or refuse to follow, a State law, "on the ground that it would be inconsistent with a law guaranteeing equal rights." Thornton v. Holloway, 70 F.3d 522, 523 (8th Cir. 1995)[internal quotation omitted]. Since the Defendant has not identified himself as a Federal officer, or as one who acted at the direction of a Federal officer, he cannot properly invoke Section 1443(2), as a basis for removal.

Accordingly, we find it unequivocal, on the basis of the face of the Notice of Removal and its appended papers, that the Defendant's criminal prosecution is not properly removable from the State Courts, and therefore, the action must be summarily remanded to the Minnesota District Court for the Seventh Judicial District, in Stearns County, Minnesota.

NOW, THEREFORE, It is --

RECOMMENDED:

That this matter be summarily remanded to the Minnesota District Court for the Seventh Judicial District, in Stearns County, Minnesota.

Dated: August 31, 2006

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 18, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 18, 2006** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.